IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

                                          Case No. 8:09-bk-4322-MGW

LIFE SCIENCES, INC.,                           Chapter 7

      Debtor.

_____/


**FINAL ORDER GRANTING CHAPTER 7 TRUSTEE'S EMERGENCY MOTION
TO APPROVE SALE OF CERTAIN TANGIBLE PERSONAL PROPERTY FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

      THIS CASE came before the Court for a final hearing on December 2, 2009, at 11:30

a.m. (the "**Final Hearing**") upon the *Chapter 7 Trustee's Motion for (I) Entry of Preliminary*

*Order (A) Approving Marketing and Bidding Procedures, and (B) Scheduling Final Hearing,*

*and (II) Entry of a Final Order Authorizing Sale of Certain Personal Property Free and Clear of*

*Liens, Claims, Interests and Encumbrances* (Docket No. 129) (the "**Sale Motion**")[1] filed by

Larry S. Hyman, as Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Life Sciences,

Inc. (the "**Debtor**").  On November 23, 2009, the Court entered its *Order (A) Preliminarily*

*Authorizing Sale of Certain Personal Property Free and Clear of Liens, Claims, Interests and*

*Encumbrances (B) Establishing Marketing and Bidding Procedures, (C) Establishing "Stalking*

*Horse" Protections, (D) Establishing Objection Deadline and (E) Scheduling Final Sale*

*Hearing* (Docket No. 134) (the "**Procedures Order**"). The Procedures Order (a) authorized the

Trustee to market certain of the Debtor's personal property (the "**Assets**") for sale, as more

specifically described in the Sale Motion (the "**Sale**"), (b) preliminarily approved the offer

_____

[1] Unless otherwise defined in this Order, capitalized terms used herein shall have the meanings ascribed to them in
the Sale Motion

received by Petraco, Inc. ("**Petraco**") to purchase the Assets for $100,000 (the "**Stalking Horse Offer**"), (c) approved certain bidding and sale procedures, (d) established the deadline for objections to the proposed sale, and (e) scheduled a final hearing and live auction (the "**Auction**") to determine and approve the highest and best offer(s) for the purchase of the Assets. The Court conducted the Auction on the record in conjunction with the Final Hearing and Life Sciences Advanced Technologies, Inc. (the "**Successful Bidder**" or "**LSAT**") submitted the highest and best offer for the Assets (the "**Successful Bid**"), which includes (i) a cash purchase price of $130,000.00, (ii) the cash payment of Petraco's break-up expenses (up to $10,000.00) as provided in the Procedures Order, and (iii) the waiver by 186-194 Imlay St. Realty Corp. and its affiliates of any and all administrative expense claims arising on or after March 9, 2009 (the "**Petition Date**") they may have otherwise had in this bankruptcy case (collectively, the "**Purchase Price**"). Appearances made at the Final Hearing are reflected in the record. For the reasons stated orally in open court, as well as the reasons set forth in this Order, which together shall constitute the Court's decision, the Court has determined that good cause exists for granting the Sale Motion and makes the following **FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. This is a "core proceeding" and this Court has jurisdiction pursuant to 28 U.S.C. 157(b)(2) and 1334. Venue is proper pursuant to 28 U.S.C. §1408.

B. Statutory predicates for the relief requested in the Sale Motion are 11 U.S.C. §§105(a) and 363 and <u>Fed. R. Bankr. P.</u> 6004.

C. Under the circumstances, the marketing efforts undertaken by the Trustee for the sale of the Assets was sufficient and reasonable to "market test" the Stalking Horse Offer and subsequent competing bids. Further, notice of the Motion, the Auction, and the Final Hearing

was sufficient under the circumstances and pursuant to <u>Fed. R. Bankr. P.</u> 2002(a)(2) and 9006(c). No other or further notice of the Sale Motion, the Auction or the entry of this Order is required.

D.      In conjunction with the Final Hearing, the Court conducted the Auction.  The Auction was conducted fairly and in compliance with the Bidding Procedures. As a result of the Auction, LSAT's final Successful Bid was the highest and best bid for the acquisition of the Assets.

E.      Based on the pleadings, the Court record, and the unopposed proffers of evidence made at the Final Hearing, the Court finds that the Assets owned by the Debtor may be sold to LSAT free and clear of all liens, claims, interests, and encumbrances (collectively "**Interests**") in such property pursuant to 11 U.S.C. § 363(b) and (f).  The Sale Motion contemplates that the Assets shall be transferred "As-Is" and "Where-Is" with no representations or warranties of any kind, except those relating to the Trustee's conveyance of title, free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. § 363.

F.      The Sale to LSAT (i) was undertaken by LSAT and Trustee at arm's length (ii) was negotiated and consummated without collusion, (iii) has had significant exposure to the market, and (iv) is otherwise being consummated in good faith within the meaning of Section 363(m) of the Bankruptcy Code.

G.      The Sale Motion, Bidding Procedures, this Order, and the Court record memorialize the terms of the Sale, whereby the Trustee shall convey the Assets to LSAT. Among those terms is the provision that the closing shall occur within three (3) business days after the date of the entry of this Order (the "**Closing**"), subject to the Trustee's right (but not obligation), to extend the Closing date if such extension is in the best interest of the Debtor's estate.

H.     A reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion has been afforded to all creditors, parties-in-interest and other interested persons and entities. The record reflects that no objections were filed.

I.     Subject to the terms of this Order, the Trustee has full power and authority, as applicable, to consummate the Sale and vest title to the Assets in the Successful Bidder.

J.     The approval of the Successful Bid and the consummation of the transactions contemplated thereby, is in the best interest of the Debtor, its Estate and parties in interest.  The Trustee has advanced good and sufficient business justifications for consummating the sale of the Assets pursuant to the terms of the Bidding Procedures, the Successful Bid, §§105(a) and 363 of the Bankruptcy Code and has appropriately discharged his duties in that regard.

## ACCORDINGLY, IT IS ORDERED AND ADJUDGED THAT:

1.     The Sale Motion and the relief requested in the Sale Motion is hereby **GRANTED**.  The Trustee is authorized to sell all of the Debtor's right, title, and interest in the Assets it owns to the Successful Bidder, outside of the ordinary course of the Debtor's business, pursuant to 11 U.S.C. § 363(b), in exchange for the Purchase Price (after crediting the cash portion of the Purchase Price by the amount of any good faith deposit from LSAT) pursuant to the terms set forth in the Sale Motion, the Bidding Procedures and this Order.

2.     The Sale of the Assets shall be made free and clear of all Interests of any party pursuant to 11 U.S.C. § 363(f).

3.     The Assets shall be sold to the Successful Bidder **"AS IS"** and **"WHERE IS"** without representations or warranties of any type, except as to the Trustee's conveyance to the Successful Bidder of title to the Assets free and clear of Interests as contemplated herein.

4.     The Sale shall be subject to no conditions or contingencies in favor of the Successful Bidder other than the entry of this Order approving the Successful Bidder's offer and authorizing the Sale of the Assets free and clear of Interests in the Assets.

5.     The conveyance of the Assets may be memorialized by Trustee's Bill of Sale, certificates of title, and the execution of such other documents as may be necessary to transfer the Debtor's interest in the Assets to LSAT (the "**Closing Documents**").   Such Closing Documents shall be delivered by the Trustee to LSAT at Closing, so long as the following have occurred: (a) delivery or clearance of the full amount of the Purchase Price, and (b) the entry of this Order approving the Sale.   The Trustee is authorized and empowered to take such other actions and execute such documents as may be required to consummate the Sale of the Assets to the Successful Bidder, consistent with the provisions of this Order, including those actions that may be required after Closing.

6.     The Closing shall take place on or before that day which is three (3) business days following the entry of this Order, subject to the Trustee's right (but not obligation) to extend the Closing date if such extension is in the best interest of the Estate.

7.     The Trustee shall hold the sales proceeds in an interest bearing non-IOTA account.   To the extent any party claims an Interest in the Assets, such Interest(s) shall attach to the proceeds of the Sale to the same extent, validity and priority as they existed in the Assets, and the Assets shall be sold free and clear of such Interests.

8.     Subject to the consummation of the Sale (including, without limitation, the payment by the Successful Bidder to the Trustee of the Purchase Price) the Sale of the Assets shall constitute a legal and valid transfer of the Assets and shall vest the Successful Bidder with all of the Debtor's right, title, and interest in and to the owned Assets.

9.      The Successful Bidder is a good faith purchaser entitled to the protections set forth in 11 U.S.C. § 363(m) with respect to the transactions contemplated by the Sale Motion, the Bidding Procedures, and this Order.

10.     The Purchase Price for the Assets was not affected by agreement among the bidders, is fair and reasonable with respect to the Sale, and is reasonably equivalent value and fair consideration for the Assets, and therefore the provisions of 11 U.S.C. § 363(n) shall not apply.

11.     This Court retains exclusive jurisdiction to hear and adjudicate any and all matters arising out of or in connection with the Sale, the Sale Motion, distribution of the Sale Proceeds, and/or this Order. Without limiting the generality of the foregoing, the Bankruptcy Court retains jurisdiction to review and approve any request for "breakup expense reimbursement" submitted by Petraco. To the extent Petraco seeks, pursuant to the Procedures Order, reimbursement of the expenses incurred in connection with its Stalking Horse Offer, it shall do so by filing a notice of the same (and serving such notice on counsel for the Debtor, the Trustee, LSAT, and the United States Trustee) on or before Monday, December 7, 2009. The notice shall include supporting documentation and reasonably delineate such expenses, and may be filed providing for a ten (10) day objection period for all parties-in-interest pursuant to the procedures set forth in Fla. M.D. L.B.R. 2002-4. In the absence of a timely objection, the Trustee is authorized and directed to disburse the allowed amount of the "breakup expense revenues" to Petraco, If any objection is filed, the Trustee shall disburse such funds only upon further Order of this Court.

12.     The Stalking Horse Bid, in the cash amount of $100,000.00 is designated as the "Back Up Bid" pursuant to the Bidding Procedures, and the Trustee is authorized to consummate the sale of the Assets pursuant to that Stalking Horse Bid without further hearing or Order of this

Court (in the event the transfers contemplated by the Successful Bid fail to timely close).

13.     Upon closing, as pursuant to this Order, the Trustee is authorized to return deposits submitted in connection with the Sale to the respective unsuccessful bidders.

14.     The Court finds that the Trustee's limited operation of the Debtor's business pursuant to the *Order Granting Trustee's Emergency Motion for Authority to Operate Business for Limited Time and Purpose* (Doc. No. 119), including the expenses incurred in connection therewith, was necessary and appropriate to preserve and protect the Assets, pending an orderly liquidation of the Assets.

15.     Notwithstanding the provisions of <u>Fed.R.Bankr.P.</u> 6004(h), this Order is effective immediately upon its entry.

December 03, 2009

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on _____.

*M.G. Williamson*
_____
Michael G. Williamson
U.S. Bankruptcy Judge

Copies to be provided by CM/ECF Service to all creditors and parties-in-interest, and to:

Chad S. Bowen, Jennis & Bowen, P.L., 400 N. Ashley Drive, Suite 2540, Tampa, Florida 33602
Larry S. Hyman, Chapter 7 Trustee, P.O. Box 18614, Tampa, FL 33679-8614
Scott Stichter, 110 E. Madison Street, Suite 200, Tampa, FL 33602
Life Sciences, Inc., 2900 72nd Street North, St. Petersburg, FL 33710
Petraco, Inc., c/o Baron Coleman, Webster, Henry, Lyons, & White, P.C., 418 Scott Street, Montgomery, AL 36101
Internal Revenue Service, c/o Philadelphia CIO, P.O. Box 21116, Philadelphia, PA 19114
Internal Revenue Service, Attn: E. Mullins, 400 W. Bay Street, Suite 35045, M/S 5720, Jacksonville, FL 32202
Office of the U.S. Attorney, Attn: Civil Process Clerk, 400 N. Tampa St., Ste. 3200, Tampa, FL 33602
U.S. Attorney General, Dept. of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001
U.S. Department of Justice, Tax Division, P.O. Box 14198, Ben Franklin Station, Washington, DC 20044
Pinellas County Tax Collector, Attn: Betty A. Gramley, Tax Manager, 315 Court Street, 3rd Floor, Clearwater, FL 33756
Pinellas County Tax Collector, Attn: Betty A. Gramley, Tax Manager, P.O. Box 2943, Clearwater, FL 33757-2943
Securities and Exchange Commission, Attn: Katherine Addleman, Regional Director, 3475 Lenox Road, Suite 1000, Atlanta, GA 30326-1232
Mr. Paul Vause, Administrator, Division of Environmental Health, Bureau of Radiation Control, 4052 Bald Cypress Way, BIN #C21 (HSERM), Tallahassee, FL 32399-1741
Tim Dike, 11 Tepiet Weg, 2597 KG Den Haag, The Netherlands
Miele USA, c/o Nick Ord, President / CEO, 9 Independence Way, Princeton, NJ 08540
Nancy Pappas, 19219 Cinnamon Ridge Way, Tampa, FL 33647-3624
Ron Stephenson, P.O. Box 180, St. Petersburg, FL 33731-0180
186-194 Imlay St. Realty Corp., c/o Richard McIntyre, 6943 East Fowler Ave, Temple Terrace, FL 33617-1714
Lydia S. Castle, 641 1st St S # NE, St Petersburg, FL 33701-5003